UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARIA E. o/b/o
J.M.A.,

                          Plaintiff,

v.                                                    1:20-CV-1337
                                                      (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC           KENNETH HILLER, ESQ.
  Counsel for Plaintiff                       JUSTIN JONES, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   JASON PECK, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is granted to the extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

I.   **RELEVANT BACKGROUND**

A.   **Factual Background**

Claimant was born in 2008.  (T. 629.)   At the time of her application and hearing Claimant was a school-age child.  (T. 55.)  Generally, Claimant's alleged disability consists of attention deficit hyperactivity disorder ("ADHD") and oppositional defiance disorder ("ODD").  (T. 742.)  Her alleged disability onset date is November 1, 2016.  (*Id*.)

B.   **Procedural History**

On November 16, 2016, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on Claimant's behalf.  (T. 629.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On March 1, 2019 and again on July 1, 2019, Plaintiff appeared before the ALJ, William M. Manico.  (T. 120-129, 130-135.)  On August 8, 2019, ALJ Manico issued a written decision finding Claimant not disabled under the Social Security Act.  (T. 49-71.)  On July 30, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

C.   **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.  (T. 55-66.)  First, the ALJ found Claimant was a school-age child on November 16, 2016 and at the date of the hearing and decision.  (T. 55.)  Second, the ALJ found Claimant had the severe impairments of: ADHD and ODD.  (*Id*.)  Third, the ALJ found Claimant did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.)

Fourth, the ALJ found Claimant did not have an impairment or combination of impairments that functionally equals the severity of the listings.  (T. 55-66.)

Fifth, the ALJ determined Claimant was not disabled since November 16, 2016.  (T. 66.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to properly evaluate the domain of attending and completing tasks.  (Dkt. No. 13 at 18-22.)  Second, and lastly, Plaintiff argues the ALJ failed to properly evaluate the domain of caring for yourself.  (*Id*. at 22-26.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 15.)

### B.     Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues substantial evidence supports the ALJ's finding that Claimant had a "less than marked limitation" in the domain of attending and competing tasks and caring for yourself.  (Dkt. No. 14 at 4-9.)

## III.    RELEVANT LEGAL STANDARD

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether

the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *see Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).  The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act.  *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity.  20 C.F.R. § 416.924(b).  If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe."  *Id.* § 416.924(c).  If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings").  *Id.* § 416.924(d).  In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being.  *Id.* § 416.926a(b)(1)(i)-(vi).  To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain.  *Id.* § 416.926a(a).  A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(2).  A child has an "extreme" limitation

when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled.  20 C.F.R. § 416.924(d).

## IV.   ANALYSIS

In general, Plaintiff argues the ALJ overlooked and misapplied evidence in concluding Claimant had less than marked limitations in the domain of attending and completing tasks and the domain of caring for yourself.  (Dkt. No. 13.)[1]  In the domain of attending and completing tasks, Plaintiff specifically argues the ALJ failed to consider the entirety of the consultative examiner's opinion, and the ALJ failed to evaluate Claimant's school records, including a structured school setting.  (*Id*. at 19-22.)  In the domain of caring for oneself, Plaintiff argues the ALJ improperly relied solely on Claimant's ability to maintain personal hygiene and ignored evidence in the record that Claimant did not understand right from wrong, did not exhibit acceptable behavior, and had poor frustration tolerance.  (*Id*. at 22-26.)

Defendant argues the ALJ was not required to discuss every piece of evidence submitted and although Plaintiff cites evidence which she contends supports greater

---

[1]     Of note, Plaintiff's brief contains indistinct arguments.  Plaintiff's argument heading asserts Claimant had "at least marked limitations in the domain of attending and completing tasks."  (Dkt. No. 13 at 18.)  However, Plaintiff proceeds to outline the domain of acquiring and using information and the domain of attending and completing tasks.  (*Id*. at 18.)  In her reply, Plaintiff clarifies that she incorrectly included additional information describing the domain of acquiring and using information and does not assert the ALJ erred in assessing that domain.  (Dkt. No. 15 at 2n.1.)  There is no question that Plaintiff's second argument pertains to the domain of carrying for oneself.  (Dkt. No. 13 at 22-26.)

limitations, the ALJ accurately stated the reasons for his conclusions in the domains and his determination was supported by substantial evidence.  (Dkt. No. 14 at 5-10.)

Neither party disputes the ALJ's findings in the other domains.  Therefore, discussion and analysis will only focus on the domains of caring for yourself and attending and completing tasks.  For the reasons outlined below, remand is necessary.

### A.    Caring for Yourself

Remand is necessary for the ALJ to properly assess Claimant's limitations in the domain of caring for yourself.  The ALJ erroneously concluded Claimant has less than marked limitation in this domain based only on Claimant's ability to perform self-care; however, the domain of caring for yourself does not address a claimant's ability to perform self-care tasks.

The domain of caring for yourself considers how well a child maintains a healthy emotional and physical state, including how well a child satisfies her physical and emotional wants and needs in appropriate ways.  20 C.F.R. § 416.926a(k); SSR 09-7p. This includes how the child copes with stress and changes in the environment and how well the child takes care of her own health, possessions, and living area.  *Id*.  The domain of caring for yourself does not address children's physical abilities to perform self-care tasks like bathing, getting dressed, or cleaning up their room.  SSR 09-7p. Rather, this domain focuses on how well a child relates to herself by maintaining a healthy emotional and physical state in ways that are age-appropriate and in comparison to other same-age children who do not have impairments.  SSR 09-7p.

The ALJ determined Claimant had less than marked limitation in the domain of caring for yourself.  (T. 65.)  In support of his conclusion, the ALJ noted the consultative

examiner's observation that Claimant's appearance was age appropriate, her mode of dress was casual, and she was well groomed.  (*Id*.)  The ALJ also relied on Plaintiff's testimony that Claimant could manage her own care with occasional reminders, had no difficulty managing her personal care, and would help with household chores.  (*Id*.)  Therefore, the ALJ misapplied the domain of caring for yourself because the ALJ only considered Claimant's ability to perform self-care.

As outlined in SSR 09-7p, this domain does not address children's physical abilities to perform self-care tasks.  However, the ALJ relied solely on self-care tasks in determining Claimant had less than marked limitation in this domain.  Therefore, the ALJ failed to properly assess Claimant's limitations in the domain of caring for yourself and remand is necessary for a proper determination in this domain.

### B.    Plaintiff's Additional Arguments

Plaintiff also argues the ALJ erred in his evaluation of the domain of attending and completing tasks and failed to meaningfully address educational records.  (Dkt. No. 13 at 17-22, 23-26.)  In addition to the errors outlined above, remand is necessary for the ALJ to meaningfully address Plaintiff's education records, in both domains of caring for yourself and attending and completing tasks.

To be sure, "[a]n ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision."  *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983)).  Here, the ALJ's rationale, if any, connecting education records to his evaluation of the various

domains cannot be gleaned from the decision and remand for a clearer explanation is required.  *Cichocki*, 729 F.3d at 177.

The only reference the ALJ regarding Claimant's educational record including an IEP, small class size, and behavioral write-ups was in his summary of Plaintiff's testimony and the record.  (T. 57-58.)  The ALJ made no meaningful analysis of the content of the records, nor can it be gleaned from the ALJ's decision how he considered the evidence in his analysis of the domains.  For example, a claimant whose impairment affects her ability to regulate emotional well-being may respond in inappropriate ways, for example, a child with attention-deficit/hyperactivity disorder who has difficulty completing assignments may express frustration by destroying school materials.  SSR 09-7p.  Claimant's educational record, which the ALJ did not meaningfully address, is replete with disciplinary notations detailing Claimant's inability to appropriately deal with frustration by throwing desks, eloping from the classroom, and physically harming staff and students.  (*See ex*. T. 807 (Claimant refused to due work, made animal noises, and ripped up work), T. 812 (Claimant kicked and bit a teacher), T. 814 (Claimant dumped desks and attempted to bite a teacher.)  The record indicates Claimant's behavioral concerns were not isolated events and resulted in Claimant being removed from the classroom, the class being removed from the classroom for their safety, and multiple suspensions.  (T. 785-857.)

In addition, the regulations require an ALJ to consider "the effects of structured or supportive settings" upon a child's ability to initiate, sustain and complete activities.  20 C.F.R. § 416.924a(b)(5).  The regulations recognize that a structured or supportive setting may minimize signs and symptoms of a child's impairment and help improve

functioning while the child is in that environment, by the child's symptoms and functional limitations may worsen outside of such a setting. *Id*. § 416.924a(b)(iv)(C). Claimant was in a structured classroom setting of at least two adults to eight students ("8:1:1"). (T. 122-123.) Thus, the ALJ must consider whether the child would be able to function at an adequate level without the structured or supportive setting. *Id.; see Archer v. Astrue,* 910 F. Supp.2d 411, 427 (N.D.N.Y. 2012) (Although the hearing officer need not make explicit reference to the effects of a structured or supportive setting in order to be deemed to have sufficiently considered them, this district has typically elected to remand when it is evident that the hearing officer did not consider this factor).

Because the ALJ failed to meaningfully discuss education records, the ALJ should also reassess this evidence in his determination in the domain of attending and completing tasks. The rules provide that functional equivalence is considering function during all activities, including everything at home, at school and in the community. 20 C.F.R. § 416.926a(b). School functioning is an important factor to be considered in a functional equivalency analysis. *Donohue o/b/o B.G. v. Comm'r of Soc. Sec.*, No. 18-CV-01412, 2020 WL 1530834, at *4 (W.D.N.Y. Mar. 31, 2020). As outlined in SSR 09-4p, a school aged child may "talk instead of listening to instructions, or get up from their desks and wander around the classroom beyond what is expected of children their age who do not have impairments." SSR 09-4p. Further, although the ALJ noted Claimant was in a "reduced sized class with only 8 students," he failed to properly acknowledge such school setting as a structured setting and failed to reconcile this accommodation with the conclusion of less than marked limitations in the domains in question. *Donohue o/b/o B.G.,* 2020 WL 1530834, at *6.

Overall, remand is necessary for a proper evaluation of Claimant's functioning in the domains of attending and completing tasks and caring for yourself.  Although neither party disputes the ALJ's determinations in the other domains, this decision should not be read as excluding the ALJ from reassessing Claimant's functioning in those domains based on an evaluation of Claimant's school records.

**ACCORDINGLY**, it is

> **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **<u>GRANTED</u>**; and it is further

> **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **<u>DENIED</u>**; and it is further

> **ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:        August 30, 2021

William B. Mitchell Carter
U.S. Magistrate Judge